| | |
|---|---|
| **Law Offices of Avrum J. Rosen, PLLC**<br>38 New Street<br>Huntington, New York 11743<br>(631) 423-8527<br>Alex E. Tsionis, Esq.<br>Daniel J. LeBrun, Esq. | **Objection Deadline: November 4, 2024** |

*Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                             Chapter 7

FOOD FIRST HOUSING DEVELOPMENT                  Case No.: 24-42370-ess
FUND COMPANY, INC.,

                                                        Debtor.
-----------------------------------------------------------X

## NOTICE OF ABANDONMENT OF THE ESTATE'S RIGHT, TITLE AND INTEREST IN 165 CONOVER STREET ASSOCIATES, L.P.

**TO:    ALL KNOWN CREDITORS AND PARTIES IN INTEREST;**

**PLEASE TAKE NOTICE**, that pursuant to Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 554 of Title 11 of the United State Code (the "Bankruptcy Code"), notice is hereby given by David J. Doyaga, Sr., the Chapter 7 Trustee (the "Trustee") of the Estate of Food First Housing Development Fund Company, Inc. (the "Debtor"), through his undersigned counsel, of the proposed abandonment (the "Abandonment") of all of his right, title, and interest in and to the business entity known as 165 Conover Street Associates, L.P. ("165 Conover"). The Trustee proposes to abandon the estate's right, title, and interest in 165 Conover for the following reasons. First, the estate holds only a 1% interest in 165 Conover, which owns the real property located at 165 Conover Street, Brooklyn, New York 11231 (the "Conover

1

Property").[1] Fannie Mae owns the remaining 99% interest. The Trustee explored selling the estate's interest to Fannie Mae, but, as of the drafting of this notice, Fannie Mae has not made an offer, despite already holding a 99% ownership interest. The Trustee submits that it will be extremely difficult to locate a buyer to purchase the estate's 1% interest in 165 Conover as the only logical entity to purchase the estate's nominal interest would be Fannie Mae. Second, the cost of selling the estate's 1% stake in 165 Conover will likely exceed any benefit to the estate. Third, in a letter to the Court dated October 16, 2024 [Dkt. No. 63], Fannie Mae alleged that the Debtor is responsible for managing the Conover Property under a certain partnership agreement. However, to the extent that the partnership agreement is an executory contract, it is deemed rejected by operation of law under Section 365(d)(1). To the extent that the partnership agreement was not rejected, then the Debtor's estate may be obligated to maintain the Conover Property, but lacks the necessary funds to do so. As such, and for the reasons set forth above, the Trustee, in his business judgment, has determined that the estate's right, title, and interest in 165 Conover is burdensome to the Debtor's estate and should be abandoned.

**PLEASE TAKE FURTHER NOTICE**, that the Abandonment is not intended to be, nor shall be construed as, an abandonment of any other assets, claims or rights of the Trustee or the Debtor's estate.

**PLEASE TAKE FURTHER NOTICE**, that objections (the "Objections") to the Abandonment of 165 Conover, if any, must be in writing, conform with the Bankruptcy Code, the Bankruptcy Rules and the E.D.N.Y. Local Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than

---

[1] Upon information and belief, the Conover Property is a multifamily apartment building consisting of forty (40) residential apartments.

**November 4, 2024** as follows: (i) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at https://www.nyeb.uscourts.gov/ and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

      **PLEASE TAKE FURTHER NOTICE**, that if no Objections are filed, the estate's interest in the Properties will be deemed abandoned back to the Debtor by operation of law.

      **PLEASE TAKE FURTHER NOTICE**, that in the event Objections are filed with the Court and served upon the undersigned, there will be a hearing scheduled and held before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, to consider any such Objections, notice of which will be given to all known creditors and parties in interest by the Trustee.

Dated: October 16, 2024  
       Huntington, New York

Respectfully submitted,

**Law Offices of  
Avrum J. Rosen, PLLC**

By:   */s/ Alex E. Tsionis*  
     Alex E. Tsionis, Esq.  
     Daniel J. LeBrun, Esq.  
     38 New Street  
     Huntington, New York 11743  
     atsionis@ajrlawny.com  
     dlebrun@ajrlawny.com

     *Counsel to the Chapter 7 Trustee*